IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-04-CR-0289-O(01) |
| | § | NO. 3-09-CV-0690-O |
| JAMES DeMIK | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant James DeMik, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed on limitations grounds.

I.

A federal grand jury charged defendant with one count of conspiracy in violation of 18 U.S.C. § 371, one count of bank fraud in violation of 18 U.S.C. § 1344, and eight counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). In 2005, defendant was convicted on all counts and sentenced to a total of 60 months confinement. The district court also ordered defendant to make restitution in the amount of $8,884,253. His convictions and sentences were affirmed on direct appeal. *United States v. DeMik*, 489 F.3d 644 (5th Cir.), *cert. denied*, 128 S.Ct. 456 (2007). On April 10, 2009, nearly 18 months after his convictions became final, defendant filed this motion for post-conviction relief under 28 U.S.C. § 2255.

II.

In multiple grounds, defendant contends that: (1) the indictment was defective; (2) his joint trial with a co-defendant violated due process; (3) he received ineffective assistance of counsel; (4)

he was denied the right to a speedy trial; (5) the prosecutor engaged in various acts of misconduct; (6) there was no evidence of monetary losses to support the restitution order; (7) he was denied the right to confront witnesses; (8) he was denied the right to compulsory process; (9) his sentence constitutes cruel and unusual punishment; and (10) the evidence was insufficient to support his convictions.

Anticipating that the government may raise the defense of limitations, defendant argues in his section 2255 motion that the one-year statute of limitations governing federal habeas proceedings should be equitably tolled because he was incarcerated at FMC Rochester, a federal medical facility, for approximately 10 months beginning on or about December 1, 2007. During that time, defendant alleges that he was under the care of a psychiatrist and "temporarily incompetent to make this motion or 'under the penalty of perjury,' to attest to the same." (Def. Mot. at 3). Defendant also alludes to a variety of physical ailments that allegedly prevented him from timely filing a motion for post-conviction relief. (*See* Mag. J. Interrog. #1 & 2). Unable to resolve the limitations issue on the pleadings, the court held an evidentiary hearing on July 10, 2009, and appointed a lawyer to represent defendant at that hearing. Having considered the evidence, briefs, and argument of counsel, the court now determines that defendant's section 2255 motion is time-barred.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2255. *See* Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created
> by governmental action in violation of the Constitution or laws of the

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f). The one-year limitations period is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999). In his pleadings, defendant acknowledges that the limitations clock started to run on October 15, 2007, the date certiorari was denied by the United States Supreme Court, which would make his section 2255 motion due on or before October 15, 2008. (*See* Def. Mot. at 3). Yet defendant did not file his motion until April 10, 2009--nearly six months after the limitations period expired.

B.

In an attempt to excuse this delay, defendant alleges that he was incapacitated during his 10-month stay at FMC Rochester due to "physical and mental incompetence." (*See* Def. Resp. Br. at 3, 5). The Fifth Circuit has "recognized the possibility that mental incompetency might support equitable tolling of a limitation period." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001), *citing Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232-33 (5th Cir. 1999). However, "a claim of incompetence does not automatically entitle a prisoner to equitable tolling." *Smith v. Johnson*, 247 F.3d 240 (Table), 2001 WL 43520 at *3 (5th Cir. Jan. 3, 2001), *citing Fisher*, 174 F.3d at 715-16. A prisoner must "sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights." *Id.* Of particular significance to the

court's inquiry are facts related to the degree or duration of a prisoner's mental incompetence. *See id.* Likewise, a prisoner who suffers from a physical ailment may be entitled to equitable tolling if he can prove that the condition prevented him from timely filing his writ. *See Jones v. Cockrell*, No. 3-01-CV-2779-M, 2003 WL 21414290 at *3 (N.D. Tex. May 22, 2003), *rec. adopted*, (N.D. Tex. Dec. 9, 2003). Even if such evidence exists, equitable tolling is not warranted unless the prisoner "diligently pursue[s]" federal habeas relief. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

1.

Defendant first contends that he was mentally incompetent at various times during his incarceration. At defendant's request, the court appointed Kristi Compton, Ph.D., a licensed psychologist, to review his medical records and provide expert testimony at the evidentiary hearing. *See* Order, 6/16/09. In her report, which was introduced into evidence at the hearing, Dr. Compton confirmed that defendant was diagnosed with a major depressive disorder following a suicide attempt on November 26, 2007. (*See* Def. Exh. 2 at 1-2). Within days, defendant was transferred from FCI El Reno to FMC Rochester, where he received intensive psychiatric treatment. (*Id.* at 2). By December 2007, defendant "exhibited no suicidal ideation and frequently presented with a good mood state." (*Id.*). The next month, defendant was transferred to an open unit, "although he continued to exhibit signs of depression which indicated below baseline energy level, poor sleep, and lack of enjoyment of activities." (*Id.*). Defendant continued to improve, and by February 4, 2008, his symptoms of severe depression appeared to be resolving. (*Id.*). After three more months of treatment, during which time defendant's thought processes were "generally logical and goal directed," he was medically cleared to return to FCI El Reno. (*Id.* at 2-3). In light of this evidence, Dr. Compton concluded that "there is reasonable psychological certainty that Mr. DeMick [sic]

would not have been mentally competent from mid October 2007 through January of 2008." (*Id.* at 4).

The court accepts Dr. Compton's unchallenged testimony and finds that defendant was mentally incompetent to pursue his legal rights from October 15, 2007, the date the AEDPA statute of limitations started to run, through January 31, 2008. Thus, the limitations period is equitably tolled for a period of 109 days.[1]

2.

Defendant further contends that he suffered from a variety of physical ailments that prevented him from working on his section 2255 motion. More particularly, defendant alleges that he experienced "black outs, painful falls, and intermittent dizziness" caused by a cranial tumor that was surgically removed in August 2008. (*See* Mag. J. Interrog. #1). Other symptoms included difficulty walking long distances and diminished writing skills. (*See id.* #2(d)). However, other than his self-serving testimony at the evidentiary hearing, there is no evidence to suggest that the severity or duration of these symptoms prevented defendant from pursuing his legal rights. The medical records indicate that defendant fell down on two occasions--once in January 2008 and once in March 2008. No residual problems are noted as a result of those falls. Although defendant testified that he was deterred from walking to the law library at FMC Rochester--a distance of 200 yards from his housing unit--because his slow pace might not allow him to make the trip within the time allotted by prison rules, defendant estimated that he visited the library on 60 different days between April 2008 and August 2008. Even if defendant's access to the law library was periodically limited due to his physical condition, he has not explained how the inability to obtain specific legal materials prevented

---

[1] Although the court accepts Dr. Compton's testimony for the purpose of its limitations analysis, the medical records show that defendant worked on his section 2255 motion at least three times in December 2007. (*See, e.g.* Def. Exh. 1-A at 220, 223, 225).

him from timely filing his section 2255 motion. *See Abbott v. Adams*, No. ED CV 08-0166 VAP (FMO), 2008 WL 2038861 at *6 (C.D. Cal. May 7, 2008) (inability to walk to law library not grounds for equitable tolling where prisoner "failed to show or otherwise explain how lack of access to his legal materials or the law library made it impossible for him to timely file a federal habeas petition").

Nor is there any evidence to suggest that defendant "could not pen any written material" until his cranial tumor was removed in August 2008. (*See* Mag. J. Interrog. #2(d)). The only medical evidence relating to defendant's ability to write is an evaluation performed by a neurologist on April 21, 2008. (*See* Def. Exh. 1-A at 109-11). In that evaluation, the doctor noted:

> By history at least his handwriting has changed somewhat and become a bit more "sloppy." However, he has not had any significant troubles with eating and using his right arm.

(*Id.* at 111). This evidence does not come close to establishing a basis for equitable tolling. *See Jones*, 2003 WL 21414290 at *3 (prisoner who suffered from "frozen shoulder syndrome" was not entitled to equitable tolling absent evidence the condition prevented him from writing or using a typewriter to prepare pleadings).

C.

The court determines that the AEDPA statute of limitations should be tolled from October 15, 2007 through January 31, 2008, a total of 109 days, due to defendant's mental incompetency. Even allowing for this tolling period, defendant still waited more than one year to seek post-conviction relief. As a result, his section 2255 motion sentence should be dismissed on limitations grounds.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside his sentence should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  July 20, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE